UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA L. SMITH,

      Plaintiff,

v.

                          Case No. 13-11268
                          Hon. Gerald E. Rosen
                          Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        March 31, 2014

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

      On January 24, 2014, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Jessica I. Smith's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on February 20, 2014. The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions, and the remainder of the record. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R as the opinion of this Court.

As the first of her four objections, Plaintiff contends that the Magistrate Judge erred in concluding that the Administrative Law Judge ("ALJ") adopted a "more restrictive" residual functional capacity ("RFC") than would have resulted from fully crediting the opinion of Dr. Marvin Bleiberg.  (R & R at 19.)  In Plaintiff's view, Dr. Bleiberg "report[ed] only an ability to sit for two hours," (Plaintiff's Objections at 1), and she asserts that this purported finding is more limited than the ALJ's determination that Plaintiff could perform sedentary work, which necessitates sitting approximately six hours of an eight-hour workday.  Thus, Plaintiff maintains that "[t]here is no basis in the record for finding that Dr. Bleiberg's opinion of an ability to sit for 2 hours can be construed as an ability to sit for six out of eight hours of an eight hour work day." (*Id.* at 1-2.)

As pointed out in Defendant's underlying summary judgment motion, however, Plaintiff's argument on this point rests on the flawed premise that Dr. Bleiberg's July 20, 2010 report that contains the purported two-hour "finding" qualifies as the opinion of a treating medical source.  In fact, Plaintiff's July 20, 2010 visit to Dr. Bleiberg was her first to this physician, and as Defendant correctly observes, "Dr. Bleiberg described the [two-hour sitting] limitation[] at issue after only examining Plaintiff once, and he never addressed her limitations again."  (Defendant's Summary Judgment Motion, Br. in Support at 14.)  Defendant further observes, and the Court again agrees, that the limitation to two hours of sitting was not a "finding" of Dr. Bleiberg's at all, but instead was merely a report of a limitation that Plaintiff herself described in a new patient form

she completed for this July 20, 2010 visit.  (*Compare* Admin. Record at 550 (new patient information form in which Plaintiff reported that she could sit for two hours) *with* Admin. Record at 250 (Dr. Bleiberg's 7/20/2010 report stating that Plaintiff could sit for two hours).)  Contrary to Plaintiff's objection, then, the ALJ was not obliged to give any particular weight to this statement in Dr. Bleiberg's July 20, 2010 report, as it does not reflect the opinion of a treating physician.[1]

Plaintiff next objects more generally that the Magistrate Judge relied on an erroneous conception of "sedentary" work in finding that substantial evidence supports the ALJ's determination of Plaintiff's RFC.  In advancing this position, however, Plaintiff merely recounts the evidence in the medical record and then invites the Court — without any explanation or effort to marshal this evidence in support of a focused argument — to conclude that this record is inconsistent with a finding that Plaintiff can sit for approximately six hours in an eight-hour day as necessary to perform sedentary work.  Yet, as Plaintiff acknowledges, a State agency review physician, Dr. Dale Blum, expressly opined that Plaintiff could sit for about six hours in an eight-hour workday, (*see* Admin. Record at 100), and as discussed above, the Court rejects Plaintiff's contention that there is a "conflict," (Plaintiff's Objections at 3), between this opinion and the July

---

[1] In any event, and as noted in the R & R, (*see* R & R at 19), the ALJ construed Dr. Bleiberg's July 20, 2010 report as indicating that Plaintiff could sit "for a duration of 2 hours *at a time*." (Admin. Record at 20 (emphasis added).)  This is a plausible reading of the statement in Dr. Bleiberg's report — as well as Plaintiff's own assessment of her limitations in the new patient form given to Dr. Bleiberg — and Plaintiff fails to explain how this is inconsistent with the ALJ's finding that Plaintiff could perform a limited range of sedentary work.

20, 2010 report of Dr. Bleiberg.  Rather, upon independently reviewing the record, the Court concurs in the Magistrate Judge's observation that "[a]ll treating and non-treating opinions concluded that Plaintiff is able to perform at least simple, sedentary work," (R & R at 23), as well as the Magistrate Judge's more general finding that substantial evidence supports the ALJ's determination of Plaintiff's RFC.

Plaintiff's third objection is that the Magistrate Judge erred in finding that the ALJ committed harmless error, if any error at all, in relying in part on Plaintiff's work record after her alleged onset date to determine that Plaintiff's testimony regarding her limitations was not fully credible.  In addressing this point, however, the Magistrate Judge recounted at length the evidence in the record that would support the ALJ's credibility finding, even without regard to the evidence of Plaintiff's post-onset work history, (*see* R & R at 22-23), and Plaintiff fails to explain why this considerable body of evidence does not provide substantial support for the ALJ's credibility determination.  Accordingly, this objection is without merit.

Finally, Plaintiff objects that the Magistrate Judge unduly glossed over the difference between Dr. Blum's finding that Plaintiff was limited to "[o]ccasional[]" balancing, (Admin. Record at 101), and the ALJ's RFC finding that Plaintiff could perform sedentary work that required "frequent[]" balancing, (*id.* at 17).  As the Magistrate Judge observed, however, this modest difference "is not inconsistent with the regulatory definition of sedentary work," and thus does not undermine the ALJ's reliance on the testimony of the vocational expert.  (R & R at 19.)  Moreover, the ALJ cited the

4

vocational expert as having identified three specific jobs that an individual with Plaintiff's RFC could perform, (*see* Admin. Record at 22), and Plaintiff has not pointed to anything in the description of these jobs that would necessitate "frequent" as opposed to "occasional" balancing. Accordingly, Plaintiff's bare speculation on this point does not provide a basis for overturning the ALJ's decision.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 20, 2014 objections (docket #15) to the Magistrate Judge's January 24, 2014 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #13) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order. Finally, IT IS FURTHER

ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation and this order, that Plaintiff's August 1, 2013 motion for summary judgment (docket #11) is DENIED, and that Defendant's August 29, 2013 motion for summary judgment (docket #12) is GRANTED.

                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2014, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135